*Clarke* and *Starr,* for appellee.

————— - -◦ ● ◦-——————

## GRAVES *v.* STEEL *County Judge.*

Where land has been entered by a county judge for town purposes, under the act of 1852, he is a naked trustee, and cannot be sued alone for title to any of the lots in controversy. The city or school district, as *cestui que use,* should be joined with him.

*Appeal from Potawatamie District Court.*

*Opinion by* HALL, J. This was a petition filed in the district court of Potawatamie county, by Drewney Graves against Franklin Steel, county judge.

Steel as county judge, had entered the land upon which the city of Council Bluffs is situated, under the act of congress, approved April 6, 1854. The act of congress

*25

merely authorizes the county judge to enter the land in trust, and to turn over the trust according to the act of the legislative assembly of the state of Iowa, approved January 22, 1852, and such other laws as the legislature may hereafter enact.

The act of 1852, requires the county judge to convey "to each person who, as an occupant, may be entitled to the same, such part or parcels, lot or lots of said land, as he or they may lawfully be entitled to" upon his making the proper payment. The unclaimed lots are to be sold at public auction after due notice, and the proceeds of the sale of said lots to be appropriated to building school houses in such town.

These laws make the city or school districts in the city residuary *cestui que use,* for the proceeds of all lots and land entered by the county judge, on which their is no lawful claim. The county judge acts as a naked trustee, having no interest in fact. He is bound to see that his trust is properly executed, but has no power to decide in controverted cases. Where there are two persons claiming the same property, he has no alternative but to withhold it from both until their rights are adjudicated, or if he deeds to either party, that party would take the title as trustee for his opposing claimant, if it should subsequently  be so adjudicated where a claim is made by but one person and there are doubts as to the legality of such claim, it is the unqustionable duty of the county judge to withhold the title until the matter can be investigated.

In the case before us, the appellant brought his action against the county judge alone, the real party in interest which is the city or school districts, are omitted, no binding decree could be made, and nothing would be settled by an adjudication between the parties. The district court properly dismissed the petition, but we have no objection to setting aside the order of dismissal, and remanding the cause, with instructions to the court below, to allow the

appellant to amend upon payment of all costs up to the time of filing the amendment.

Judgment reversed.

*C. E. Stone,* for appellant.